**JOSEPH J. WISEMAN, ESQ., CSBN 107403**
**JOSEPH J. WISEMAN, P.C.**
   1477 Drew Avenue, Suite 106
   Davis, California 95618
   Telephone: 530.759.0700
   Facsimile: 530.759.0800

**Attorney for Defendant**
CLEVIE EARL BUCKLEY, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR S 04-205 GEB |
| Plaintiff, | |
| vs. | STIPULATION RE: RESENTENCING OF CLEVIE EARL BUCKLEY |
| CLEVIE EARL BUCKLEY, JR., | |
| Defendant. | |

In a written order filed March 12, 2008, the Ninth Circuit Court of Appeals granted the parties' stipulated motion to vacate the sentences of defendants Tha Bun Heng, Chhom Mao, and Clevie Earl Buckley, Jr. ("Buckley"), and to remand for reconsideration of their sentences in light of the Supreme Court's intervening decision in *Kimbrough v. United States*, 128 S.Ct. 558 (Dec. 10, 2007). On remand, Buckley, through his attorney Joseph J. Wiseman, and the United States, through its counsel, Assistant U.S. Attorney Daniel McConkie, hereby stipulate and request that Buckley be re-sentenced to 240 months imprisonment as follows:

    1.    After a jury trial, Buckley was convicted of Possession with Intent to Distribute Cocaine base in violation of title 21 U.S.C. § 841 (a)(1); Distribution of Cocaine Base in violation of title 21 U.S.C. § 841 (a)(1), and a second count of Possession with Intent to Distribute cocaine Base in violation of title 21 U.S.C. § 841 (a)(1). On May 4, 2007, the district court determined that Buckley's total offense level was 36 and that his criminal history category

1

Stipulated Motion To Vacate Defendant's Sentence And     Case No. CR S 04-205 GEB
Remand For Re-Sentencing

was IV. The Court then sentenced Buckley to 262-months imprisonment, the bottom of the guideline range.

2. After sentencing, the Supreme Court decided *Kimbrough v. United States*, 128 S.Ct. 558, 664 (Dec. 10,2007), which held that district courts may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses in determining what sentence is sufficient, but not greater than necessary to satisfy, the purposes of sentencing in § 3553(a). In light of the intervening precedent of *Kimbrough*, on March 12, 2008, the Ninth Circuit granted the parties' stipulated motion to vacate the defendant's sentence and to remand for re-sentencing. The Ninth Circuit issued its mandate on May 2, 2008.

3. At his initial sentencing, Buckley's offense was found to have involved 238.35 grams of cocaine base, which equated to a level 34 at his original sentencing. A two point adjustment was applied to the guideline offense level for Reckless Endangerment During Flight. Since the original sentencing on May 4, 2007, the U.S. Sentencing Commission amended the guideline offense level for crack cocaine offenses in a way that generally reduces the applicable offense levels in crack cocaine cases by 2-levels. *See* U.S.S.G. § 2Dl.l, (amendment 217) (eff. May 1, 2008). This amendment was made retroactive by the Sentencing Commission pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § lB1.10. On remand, Buckley is now eligible for a sentence reduction under this retroactive guideline amendment. *See United States v. Grissom*, No. 06-10688, 2008 U.S. App. Lexis 8024 (Apr. 15, 2008). Buckley now moves for a sentencing reduction under this amendment pursuant to 18 U.S.C. § 3582(c)(2). With the 2-level reduction under the retroactive crack cocaine guideline amendment, Buckley's guideline offense level becomes 34, and with a criminal history category IV, the parties stipulate that the mandatory minimum sentence of 240-months imprisonment is appropriate.

4. On remand for resentencing and pursuant to Buckley's request under 18 U.S.C. § 3582(c)(2), the parties thus stipulate that the Court grant retroactive application of the crack cocaine amendment and stipulate that the appropriate sentence in this case is 240-months imprisonment, the mandatory minimum term applicable in this case. The parties agree that this sentence is "sufficient, but not greater than necessary, to comply with" the purposes of

sentencing set forth in 18 U.S.C. § 3553(a). The parties also agree that all other aspects of Buckley's sentence on May 4, 2007 shall remain the same. This stipulation does not affect Buckley's right to appeal or collaterally attack his conviction in this case.

5. Buckley is currently incarcerated at FCI Lompoc, California. Buckley has been advised of his right to be present for resentencing. Pursuant to Federal Rule of Criminal Procedure 43(c)(1)(B), Buckley has executed a waiver of his right to be present at any re-sentencing proceeding. *See* Docket No. 417. He also waives his rights to be present and to allocution at re-sentencing.

Dated: March 31, 2009

                                                       Respectfully Submitted,

                                                       JOSEPH J. WISEMAN, P. C.

                                                       By:  /s/ Joseph J. Wiseman
                                                                 Joseph J. Wiseman

                                                       Attorney for Defendant
                                                       CLEVIE EARL BUCKLEY, JR.

March 31, 2009                                       LARRY D. BROWN

                                                      Acting U.S. Attorney

                                                      By: /s/ Daniel McConkie
                                                      DANIEL McCONKIE
                                                      Assistant U.S. Attorney

                                                      Attorney for Plaintiff-Appellee
                                                      UNITED STATES OF AMERICA

*/ / / / /*
*/ / / / /*
*/ / / / /*
*/ / / / /*
*/ / / / /*

**ORDER**

For the reasons set forth in the attached Stipulation of the parties, the Court hereby re-sentences defendant CLEVIE EARL BUCKLEY to 240 months imprisonment in *United States v. Buckely*, CR S-04-205 GEB. All other aspects and conditions set forth in the judgment filed on April 20, 2007, shall remain the same. The clerk is directed to issue an amended judgment reflecting the new sentence.

Dated: 4/1/09

GARLAND E. BURRELL, JR.
United States District Judge