HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
CLEVIE EARL BUCKLEY, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:04-cr-00205-GEB-16 |
|---|---|
| Plaintiff, | **STIPULATED MOTION AND [lodged] ORDER TO REDUCE SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT, P.L. 115-391** |
| v. | |
| CLEVIE EARL BUCKLEY, JR., | Judge: Honorable GARLAND E. BURRELL, Jr. |
| Defendant. | |

Defendant, CLEVIE EARL BUCKLEY, JR., by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Jason Hitt, hereby stipulate that the Court should enter an amended judgment reducing Mr. Buckley's sentence to 135 months. The parties further stipulate as follows:

1. In 2007, defendant was convicted of possession with intent to distribute 50 grams or more of cocaine base (2 counts), and distribution of cocaine base (1 count). (Dkt. 335.) In its calculation of the applicable guideline range, the PSR concluded the total amount of cocaine base attributable to the defendant was 238.35 grams. Because a notice of prior conviction under 21 U.S.C. § 851 was filed (dkt. 259), the statutory range of punishment was 20

/ / /

/ / /

/ / /

years to life, 21 U.S.C. § 841(b)(1)(A), (PSR ¶ 58), and the applicable guideline range was 262 to 327 months, *id.*[1]

2. Defendant was initially sentenced to a term of 262 months imprisonment and 120 months supervised release on each count to be served concurrently. (Dkt. 335 at 2, 3.) The Ninth Circuit Court of Appeals remanded the case, however, pursuant to the parties' stipulation for resentencing pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007). (Dkt. 381.) Following the remand, defendant was sentenced in accordance with the parties' stipulation to 240 months imprisonment and 120 months supervised release, "the mandatory minimum sentence." (Dkt. 421 at 2, 4.)[2] The court determined the total offense level was 34, and the criminal history category was IV, resulting in a guideline range of 240 to 262 months. (Dkt. 425, Statement of Reasons at 1.)

3. On December 21, 2018, the First Step Act was enacted. First Step Act of 2018, S. 756, Pub. Law 115-391. Section 404 of the Act states the sentencing court may, upon motion of the defendant, an attorney for the government, or the court, "impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."

4. The parties agree that defendant is eligible for a reduction of his sentence under Section 404. Specifically, had sections 2 and 3 of the Fair Sentencing Act of 2010 been in effect at the time the offense was committed, defendant would have been subject to a "term of imprisonment which may not be less than 10 years and not more than life." 21 U.S.C. § 841(b)(1)(B) (2010). The applicable guideline range is 135 to 168 months, and defendant should be resentenced to 135 months imprisonment and 96 months supervised release, see 21 U.S.C. § 841(b)(1)(B) (for persons with a prior conviction for a drug felony offense, the sentence shall include a term of supervised release of at least eight years).

---

[1] Mr. Buckley's base offense level was 34, and he received a two-level adjustment pursuant to USSG § 3C1.2. (PSR ¶¶ 19, 22.) His criminal history category was IV. (PSR ¶ 34.)
[2] The parties agreed defendant was eligible for a two-level sentence reduction under the 2008 retroactive amendment to the sentencing guidelines. (Dkt. 421 at 2.)

Stipulation and Order Re: Sentence Reduction 2

5. Accordingly, the parties request this Court issue the order lodged herewith reducing Mr. Buckley's sentence to 135 months imprisonment and 96 months supervised release, all other terms of the judgment remaining unchanged.

6. The undersigned counsel affirms that, so long as the Court accepts this stipulation, defendant waives his right to be present when the Court reduces his sentence, to any hearing, and to any findings to which he might be entitled. The defendant has so indicated, and counsel joins in that waiver.

Respectfully submitted,

Dated: March 1, 2019    Dated: March 1, 2019

McGREGOR SCOTT    HEATHER E. WILLIAMS
United States Attorney    Federal Defender


 /s/ *Jason Hitt*     /s/ *David M. Porter*
JASON HITT    DAVID M. PORTER
Assistant U.S. Attorney    Assistant Federal Defender

Attorney for Plaintiff    Attorneys for Defendant
UNITED STATES OF AMERICA    CLEVIE EARL BUCKLEY, JR.

**ORDER**

This matter came before the Court on the stipulated motion of the defendant for reduction of sentence pursuant to the First Step Act, P.L. 115-391.

The parties agree, and the Court finds, that Mr. Buckley is entitled to the benefit of Section 404 of the First Step Act, resulting in an amended guideline range of 135 to 168 months.

IT IS HEREBY ORDERED that the term of imprisonment imposed in April 2009 is reduced to a term of 135 months imprisonment and 96 months supervised release on each count to run concurrently.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Mr. Buckley shall report to the United States Probation Office within seventy-two hours after his release.

The pro se motion filed January 18, 2019 (Dkt. 497) is dismissed as moot.

Dated: March 4, 2019

GARLAND E. BURRELL, JR.
Senior United States District Judge